**THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| |  |
|---|---|
| UNITED STATES OF AMERICA. <br><br> *Plaintiff*, <br><br> v. <br><br> BETSIAN CARRASQUILLO-PENALOZA. <br><br> *Defendant*. | Criminal Case. NO. 12-728 (PG) |

### OPINION AND ORDER

Pending before the Court is defendant Betsian Carrasquillo-Penaloza's (hereinafter "Defendant") motion to dismiss (Docket No. 22). Therein, Defendant requests that this Court dismiss Count One pursuant to Rule 12(b)(3) of the Federal Rules of Criminal Procedure, and also dismiss Count Two, insofar as 18 U.S.C. § 1591(a) is inapplicable to Puerto Rico. For the reasons stated below, this Court **DENIES** Defendant's motion.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On October 24, 2012, a Grand Jury sitting in the District of Puerto Rico returned a two-count superseding indictment (hereinafter "indictment"), wherein it charged Defendant with violating 18 U.S.C. 2423(a) and 18 U.S.C. 1591(a). See Docket No. 9.

Pursuant to Count One of the indictment, the Government claims that on or about October 3, 2012, Defendant transported a 14 year-old minor female from Rio Piedras to Isla Grande, both located in the municipality of San Juan and within the Commonwealth of Puerto Rico, with the intent that she engage in sexual activity constituting a criminal offense under Title 33 Laws of Puerto Rico Annotated, Section 470, all in violation of 18 U.S.C. 2423(a). With regards to Count Two, the Government asserts that from or about September 28, 2012, and continuing through on or about October 3, 2012 the Defendant, in and affecting interstate commerce, did knowingly, recruit, entice, harbor, transport, and obtain a 14 year-old minor female, knowing that said minor had not attained the age of 18 and would be caused to engage in commercial sex acts, in violation of Title 18, U.S.C. 1591(a). See Docket No. 9.

Defendant then filed a motion to dismiss the indictment. In short, Defendant argues that the indictment should be dismissed, inasmuch as one

of the essential elements for conviction under 18 U.S.C 2423(a), namely, transportation across state lines, is absent. Defendant also argues that if the Court were to find that interstate transportation is not required under said statue, the same would represent an invalid exercise of Congress' authority pursuant to the Commerce Clause of the U.S. Constitution. Finally, Defendant asserts that after acquiring commonwealth status in 1952, Puerto Rico ceased to be a territory and thus, not covered by the jurisdictional element of 18 U.S.C. 1591(a). See Docket No. 22.

The Government then filed a response in opposition to Defendant's motion to dismiss (Docket No. 25), wherein it alleges that Defendant's arguments contravene the plain language and the legislative history of both Sections 2423(a) and 1591(a). Also, that both Congress and the United States Courts have found that prostitution of children and human trafficking substantially affect interstate and foreign commerce, and that Congress has plenary authority over Puerto Rico under the Article IV. Finally, the Government argues that "any mention to the special maritime and territorial jurisdiction of the United States is inapposite in this case as this case is being prosecuted under the 'affecting interstate commerce' language of Section 1591(a)." See Docket No. 25. The Court agrees.

## II.   DISCUSSION

Title 18 U.S.C. 2423 was passed as part of the White Slave Traffic Act, also known as the Mann Act. Since there is no issue as to the applicability of the Mann Act to the Commonwealth of Puerto Rico, the Court will refrain from addressing it herein.[1]

### I.   CROSSING STATE LINES REQUIREMENT UNDER § 2423(a)

The Court will first refer to the issue of whether 18 U.S.C. 2423(a) requires that transportation be made across state lines as claimed by Defendant, or if can take place wholly within the Commonwealth of Puerto Rico. The above mentioned statute states that:

> A person who knowingly transports an individual who has not attained the age of 18 years in interstate or foreign commerce, <u>or in any commonwealth, territory or possession of the United States</u>, with

---

[1] In its motion to dismiss, Defendant "does not submit that the Mann Act is inapplicable to Puerto Rico." See Docket No. 22 at page 5.

> intent that the individual engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense, shall be fined under this title and imprisoned not less than 10 years or for life.

18 U.S.C. 2423(a).

This Court finds that it is bound by the "plain meaning rule" as established by the First Circuit in Antilles Cement Corp. v. Fortuno, 670 F.3d 310 (1st Cir. 2012). In said case the First Circuit held that "if the language of a statute or regulation has a plain and ordinary meaning, courts need look no further and should apply the regulation as it is written." Antilles, 670 F.3d at 320-321 (citing Textron Inc. v. Comm'r of Internal Revenue, 336 F.3d 26 at 31 (1st Cir.2003)).

However, the Court also refers to United States v. Beach, 324 U.S. 193 (1945). Therein, the defendant was convicted of violating § 2423(a) by transporting another woman for the purpose of prostitution. The conduct attributed to the defendant took place wholly within the District of Columbia. The United States Court of Appeals for the District of Columbia reversed the defendant's conviction, holding that the Mann Act was inapplicable, insofar as the transportation that gave rise to the indictment had taken place entirely within the District of Columbia. The Court of Appeals' decision was subsequently reversed by the Supreme Court, which held that the transportation of a woman wholly within the District of Columbia violated the Mann Act. In addition, the Court noted that "Congress, in enacting the Mann Act, made it perfectly plain by its Committee Reports on the proposed legislation that it was intended to apply to transportation taking place wholly within the District of Columbia." Beach, 324 U.S. at 195 (emphasis ours).

A similar rationale was used by the First Circuit in Crespo v. United States, 151 F.2d 144 (1ST Cir. 1945). Therein, the defendant was charged with transporting five women for purposes of prostitution from one place to another in Puerto Rico. The defendant challenged the applicability of the Mann Act to the territory of Puerto Rico, alleging that "it could not have been the intent of Congress to intervene in matters of interest only to the People of Puerto Rico… which is within the proper and exclusive domain of the legislature of Puerto Rico." Crespo, 151 F.2d at 45. In upholding the defendant's conviction, the First Circuit

held that "[i]t cannot be doubted that the Act applies to transportation wholly within Puerto Rico." Id.[2]

Both above-cited cases serve as binding precedent to this Court. Accordingly, this Court finds that contrary to Defendant's assertion, transportation across state lines is not an essential element for a conviction under 18 U.S.C. 2423(a) from acts that take place wholly within the Commonwealth of Puerto Rico, insofar as it was Congress' express intent to prohibit transportation of minors for an illicit sexual purpose even if the act occurs wholly within the Commonwealth of Puerto Rico. Consequently, the indictment shall not be dismissed on these grounds.

### II.   DEFENDANT'S CONSTITUTIONAL CHALLENGE

In her motion to dismiss, Defendant argues that if the Court were to find that interstate transportation is not required under said statue, as it already has, the same would represent an invalid exercise of Congress' authority pursuant to the Commerce Clause of the U.S. Constitution. The Court disagrees, and refers to both Beach and Crespo where the Supreme Court and the First Circuit respectively, upheld the constitutionality of said statute. In Crespo, the First Circuit upheld the statute's constitutionality even when applied to conduct that took place wholly within the Commonwealth of Puerto Rico. Accordingly, this Court rejects Defendant's argument that "said section is unconstitutional on its face because the conduct it prohibits is an offense of local effect that lacks a substantial effect upon interstate commerce and, thus, does not constitute a valid exercise of Congress' authority under the Commerce Clause." See Docket No. 22 at page 7.

This Court also refers to United States v. Evans, 476 F.3d 1176 (11th Cir. 2007), wherein the defendant challenged the constitutionality of the application of § 1591(a)(1) and § 2422(b) to his "purely local actions and the sufficiency of the stipulated facts to satisfy the jurisdictional interstate-commerce elements of the offenses." Id. at 1177. In denying defendant's motion to dismiss, and thus upholding the District Court's finding, the Eleventh Circuit held that the defendant's

---

[2] At the time this case was decided, Puerto Rico was considered a territory of the United States and thus, treated as one under the applicable statue. However, Puerto Rico was subsequently given commonwealth status on 1952 and the language of the statute at hand has been since amended to include the term "commonwealth." See Sec. 103, Public Law 105-314-Oct. 30, 1998.

"enticement of Jane Doe (a 14 year old minor) to commit prostitution, even though his actions occurred solely in Florida, had the capacity when <u>considered in the aggregate with similar conduct by others</u>, to frustrate Congress's broader regulation of interstate and foreign economic activity." <u>Id</u>. at 1179 (emphasis ours). In addition, the Court noted that:

> Congress recognized that human trafficking, particularly of women and children in the sex industry, is a modern form of slavery, and it is the largest manifestation of slavery today. Congress found that trafficking of persons has an aggregate economic impact on intestate and foreign commerce, and we cannot say that this finding is irrational.

(<u>Evans</u>, 476 F.3d at 1179 (<u>citing</u> 22 U.S.C. § 7101(b)(2),(4),(9), (11) and (12)).

The Eleventh Circuit based its conclusion on several previous cases. First and foremost, the Court cited <u>Gonzales v. Raich</u>, 545 U.S. 1, 17 (2005). Therein, the Supreme Court held that "Congress has the power to regulate activities that substantially affect interstate commerce." <u>Evans</u>, 476 F.3d at 1178. Said authority has been interpreted broadly by the Supreme Court to include the "power to regulate purely local activities that are part of an economic class of activities that have a substantial effect on interstate commerce." <u>Id</u>. In <u>Raich</u>, the Supreme Court found that the federal Controlled Substances Act was applicable to the growth and use of marijuana for medical purpose, even though the defendant's activity took place wholly within the state of California. The Supreme Court noted that "Congress had a rational basis to conclude that intrastate conduct could substantially affect its ability to regulate interstate commerce." <u>Evans</u>, 476 F.3d at 1178 (<u>citing</u> <u>Raich</u>, 545 U.S. at 30). The Eleventh Circuit held that Congress has "substantial leeway to regulate purely intrastate activity (whether economic or not) that it deems to have the capability, in the aggregate, of frustrating the broader regulation of interstate economic activity." <u>Id</u>. (<u>citing</u> <u>United States v. Maxwell</u>, 446 F.3d 1210, at 1215 (11th Cir. 2006)). Finally, the Eleventh Circuit cites <u>United States v. Smith</u>, 459 F.3d 1276 (11th Cir. 2006). In said case, the Court rejected the defendant's argument that 18 U.S.C. § 2251(a) "was unconstitutional as applied to the intrastate production of child pornography." <u>Id</u>. at 1284-1285. Accordingly, the Court ruled in <u>Evans</u>, that pursuant to <u>Raich</u>, <u>Maxwell</u>, and <u>Smith</u>, the defendant was barred from

Criminal No. 12-728 (PG)                                                Page 6

challenging the constitutionality of 18 U.S.C. § 1591(a)(1) "as applied to his activities occurring solely within Florida." <u>Evans</u>, at 1179.

Pursuant to the above-cited caselaw, this Court finds that 18 U.S.C. § 2423(a) is not unconstitutional on its face, inasmuch as the conduct it seeks to penalize has the ability, in the aggregate, of frustrating the broader regulation of interstate activity. Accordingly, the indictment will not be dismissed on these grounds.

### III. Jurisdictional element of 18 U.S.C. 1591(a)

The Defendant argues that § 1591(a) is inapplicable to the case at hand, insofar as Puerto Rico is no longer a territory of the United States, and thus, the Government cannot satisfy the jurisdictional requirement of said statue. The Court does not agree. Section 1591(a) states that:

> [w]hoever knowingly in or <u>affecting interstate or foreign commerce</u>, or within the special maritime and territorial jurisdiction of the United States, recruits, entices, harbors, transports, provides, obtains, or maintains by any means a person… used to cause the person to engage in a commercial sex act, or that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act, shall be punished as provided in subsection (b).

§ 1591(a)(1). As stated above, the conduct charged to the Defendant, when considered in the aggregate, has the ability to affect interstate commerce. Consequently, Defendant's actions meet jurisdictional requirement under § 1591(a) and the indictment shall not be dismissed on these grounds.

### III. CONCLUSION

In light of the foregoing, this Court hereby **DENIES** Defendant's motion to dismiss (Docket No. 22).

**SO ORDERED.**

In San Juan, Puerto Rico, April 10, 2013.

                                        S/ <u>JUAN M. PÉREZ-GIMÉNEZ</u>
                                        JUAN M. PÉREZ-GIMÉNEZ
                                        UNITED STATES DISTRICT JUDGE